IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDY WESSON                                                                                    PLAINTIFF

VS.                                      CASE NO. 13-CV-4066

TYSON FOODS, INC.                                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Tyson Foods, Inc. (ECF No. 13). Plaintiff has filed a response to the motion (ECF No. 17) and Defendant has filed a reply. (ECF No. 23). The Court finds this matter ripe for consideration.

On June 24, 2013, Plaintiff filed this suit alleging that he was treated differently than other persons "based upon his race, sex, sexual orientation, and his right to claim leave under The Family Medical Leave Act." (ECF No. 1). Plaintiff testified in his deposition that he was no longer pursing any claims based on race, sex, and/or sexual orientation. (ECF No. 13, Exh. 2, p. 6).[1] Accordingly, the only claim at issue in Defendant's Motion for Summary Judgment is Plaintiff's remaining Family Medical Leave Act ("FMLA") claim. Plaintiff claims that Defendant interfered with his rights under the FMLA when it terminated his employment for excessive absences from work.

### BACKGROUND

Plaintiff was employed as an inventory clerk at Tyson's facility in Hope, Arkansas from September 2005 to his termination on July 13, 2012. Plaintiff was terminated after missing five days of work without calling in to report his absences pursuant to Tyson's call-in policy.

---

[1] In Plaintiff's deposition, Plaintiff's attorney also confirmed on the record that these claims were being abandoned. (ECF No. 13, Exh. 2, p. 6).

1

Plaintiff argues that he properly requested leave to take these absences and that the absences fall under FMLA protection.

In mid to late June 2012, Plaintiff's father fell and sustained a serious head injury. On the day of the injury, Plaintiff claims he reported the injury to General Production Manager Glenn Woodruff in detail. (ECF No. 21, Exh. 9, p. 20). Plaintiff informed Woodruff that he might have to take leave to attend to his father. Plaintiff did not take leave at that time. Plaintiff admits that, at that particular time, he was not needed to care for his father.

A few days after the fall, Plaintiff's father was transferred to a hospital in Hot Springs, Arkansas. Around that time, Plaintiff claims that he told Human Resource Manager Tina Ellis that he "was going to be needing some time off." He also spoke with Woodruff again and explained to him "what was going on." On July 5, Plaintiff requested that a replacement be found so he could leave work. He made this request to his apparent supervisor, Dwight Thomas. According to Plaintiff, he told Thomas that a replacement was needed so that he could attend to his father who was in the hospital. Plaintiff also appears to have spoken with another supervisor, Lawrence Morrison, on July 5 regarding his need for time off. Lawrence Morrison submitted a written statement indicating that Plaintiff told him on July 5 that "he may not be at work the next day" and that his stepfather was in the hospital.

On Friday, July 6, 2012, Plaintiff called Tyson's automated call-in system at 3:43 p.m. before his shift was to begin and reported "absent-sickness." Plaintiff was also absent from work from Monday, July 9 to Friday, July 13, but he did not call in to report his absence on these days. After Plaintiff failed to call in for five days, he was terminated pursuant to Tyson's "no call no show" absence policy. On July 17, Plaintiff met with Complex Human Resource Manager, Mike LeFevre. LeFevre explained to Plaintiff that he had been terminated for not showing up to work.

Plaintiff informed LeFevre that he had told numerous supervisors that his father "was sick, had fallen, and was in bad shape[.]"  Because this was new information to LeFevre, he began an investigation into whether Plaintiff had actually given notice that he would be needing time off to attend to his sick father.  During the July 17 meeting, LeFevre gave Plaintiff a Certificate of Healthcare Provider form that Plaintiff completed and returned on July 19.

After speaking with the various individuals who Plaintiff claimed he spoke to about his father, LeFevre determined that Plaintiff had not given sufficient notice of his need for time off.  While Plaintiff was "originally" terminated on July 13, he was terminated for a second time on July 19 after the investigation regarding notice had been completed by LeFevre.  (ECF No. 13, Exh 3).

Plaintiff maintains that his absences were covered under the FMLA and that he gave sufficient notice to Tyson of his need for FMLA leave.  Accordingly, Plaintiff claims that his termination amounts to impermissible FMLA interference by Tyson.  Tyson maintains that Plaintiff's notice was insufficient as a matter of law and that his rights under the FMLA were never triggered.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established.  The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cty. of LeSueur*, 47 F.3d 953 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues

3

> that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Plaintiff asserts that Tyson violated his rights under the FMLA when it terminated his employment. The FMLA entitles an employee to twelve weeks of leave from work during any twelve-month period if the employee meets certain statutory requirements. 29 U.S.C. § 2612(a)(1). Two subsections of the statute establish prohibited acts. Section 2615(a)(1) makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or attempt to exercise" rights provided under the FMLA. The Act also makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2).

The Eighth Circuit has recognized three types of FMLA claims from these two subsections. *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012). The three types of claims are: (1) entitlement claims, or interference claims; (2) retaliation claims; and (3) discrimination claims. *Brown v. City of Jacksonville*, 711 F.3d 883, 889-91 (8th Cir. 2013) (citing *Pulczinski*, 691 F.3d at 1005-06; *Lovland v. Emp'rs Mut. Cas. Co.*, 674 F.3d 806, 811 (8th Cir. 2012)). In this case, Plaintiff is making an FMLA interference claim based on his termination. Tyson argues that Plaintiff's FMLA interference claim fails because Plaintiff did not provide Tyson with adequate notice of his need for leave.

An interference claim requires an employee to show that his employer has denied or discouraged the exercise of FMLA entitlements. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006). To state an interference claim under the FMLA, an employee must have given notice to his employer of his need for FMLA leave. *Bosley v. Cargill Meat Solutions Corp.*, 705 F.3d 777, 783-84 (8th Cir. 2013).[2] When leave is needed for an unforeseeable event, notice is required "as soon as practicable." 29 C.F.R. § 825.302(a). "This ordinarily means at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee." *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 852 (8th Cir. 2002) (quoting 29 C.F.R. § 825.302(b)) (alterations omitted). The employee "need not invoke the FMLA by name in order to put an employer on notice." *Thorson v. Gemini, Inc.,* 205 F.3d 370, 381 (8th Cir.2000) (internal quotation marks omitted). An employee provides adequate notice to the employer "when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave."

---

[2] To sustain an interference claim, it must also be shown that (1) Plaintiff was an eligible employee, 29 U.S.C. § 2611(2); (2) that Tyson was an employer, 29 U.S.C. § 2611(4); and (3) that Plaintiff's leave was covered under the FMLA, 29 U.S.C. § 2612(a)(1). Tyson does not dispute the first two elements. Tyson has offered no argument regarding whether Plaintiff's leave would be covered by the FMLA. However, the care of a parent with a serious health condition is clearly covered. 29 U.S.C. § 2612(a)(1)(C).

*Id*. "Our cases instruct that the adequacy of an employee's notice requires consideration of the totality of the circumstances and is typically a jury question." *Murphy v. FedEx Nat'l LTL, Inc.,* 618 F.3d 893, 903 (8th Cir.2010) (citation omitted).

Viewing the facts in the in the light most favorable to Plaintiff, the Court finds that Plaintiff has raised a genuine issue of material fact as to whether he provided Tyson with sufficient notice of his intent to take FMLA leave. Plaintiff reported to numerous supervisors during a short period of time that his father was in the hospital and that he might need to take leave, presumably to care for his father. He communicated this again on July 5 before reporting himself absent the following day via Tyson's call in system. While Plaintiff failed to continually call in after July 6, a reasonable jury could conclude that the totality of Plaintiff's previous statements to his supervisors put Tyson on notice of the need for the absences. In fact, Plaintiff has submitted evidence showing that, when he took FMLA leave in the past, he was not required to continually call in to report himself absent. Tyson argues that call-ins were not required in those instances because Plaintiff had more clearly communicated his need to take leave beforehand.[3] Again, this raises the question of the sufficiency of Plaintiff's communications in June and July 2012. The Court finds that this is a question best left to a jury.

---

[3] Tyson refers to leave applications that were filled out on these prior FMLA leave occasions that negated the need for Plaintiff to call in as absent. These leave applications appear to have been prepared by Tyson in response to verbal notification by Plaintiff that he would be needing leave. In the past, Plaintiff did not sign these applications until returning to work. According to Plaintiff, he assumed he was employing this same process in June and July 2012. He assumed he had sufficiently communicated his need for leave to supervisors and therefore did not expect to have to call in and report. He further assumed that any documentation would be signed upon his return to work. Whether these assumptions were reasonable is directly related to whether Plaintiff's notice to Tyson was sufficient to trigger FMLA protection.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 13) should be and hereby is **DENIED**.  An Order of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 5th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge